### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HEATHER EVANS**, | Case No. 2:19-cv-00349-SU |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON; UMATILLA COUNTY; CRAIG W. RUSSELL**, | |
| Defendants. | |

Drake Aehegma, P.O. Box 8404, Portland, Oregon 97207. Attorney for Plaintiff.

Dirk L. Pierson, Oregon Department of Justice, 1162 Court Street NE, Salem, Oregon 97301. Attorney for Defendants State of Oregon and Craig W. Russell.

Robert E. Franz, Jr., P.O. Box 62, Springfield, Oregon 97477. Attorney for Defendant Umatilla County.

**IMMERGUT, District Judge.**

This case involves section 1983 and respondeat superior claims against Defendants—Craig W. Russell, Umatilla County, and the State of Oregon. ECF 1. Before this Court are motions to dismiss filed by each defendant. ECF 8; ECF 9; ECF 11. Although oral argument on these motions was scheduled for April 20, 2020 before Magistrate Judge Patricia Sullivan, that hearing was vacated because of "concerns regarding the ongoing health crisis." ECF 16. Judge Sullivan took the motions under advisement on March 17, 2020. *Id.*

On March 25, 2020, Judge Sullivan issued her Findings and Recommendation ("F&R"), in which she recommended granting the motions filed by Defendants Umatilla County and the

PAGE 1 – ORDER

State of Oregon, and granting in part the motion filed by Defendant Russell. ECF 17. Plaintiff timely filed objections to the F&R, in which she contends that granting Defendants' motions without a hearing would violate Plaintiff's due process rights. ECF 19. Defendants have not filed objections to the F&R. After reviewing the F&R, and because due process does not entitle Plaintiff to a hearing on these motions, this Court adopts Judge Sullivan's F&R in full.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff contends that granting Defendants' motions to dismiss without holding a hearing would violate Plaintiff's due process rights. ECF 19 at 2. However, due process does not entitle Plaintiff to oral argument on these motions. *See Frost v. Diocese of San Bernardino Educ. & Welfare Corp. for ben. of St. Catherine of Alexandria*, 302 F. App'x 729, 730 (9th Cir. 2008) ("We have long held that '[t]he opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are

PAGE 2 – ORDER

involved.'" (quoting *Dredge Corp v. Penny*, 338 F.2d 456, 462 n.14 (9th Cir. 1964))). Plaintiff provides no argument or authority why this principle does not apply even if a hearing was requested or originally scheduled but later vacated.[1] *See* ECF 19 at 2.

To the extent Plaintiff argues that she was denied due process because she did not have the opportunity to file supplemental briefing, *see id.*, this argument is also misplaced. After Judge Sullivan vacated the hearing, Plaintiff did not request leave to file supplemental briefing or an amended complaint. Furthermore, she "has not shown [she] was denied the opportunity to raise any new material matters." *See Doissaint v. Holder*, 434 F. App'x 685, 687 (9th Cir. 2011). Therefore, this Court concludes that adopting Judge Sullivan's F&R does not raise issues of due process.

In her objections, Plaintiff also requests leave to amend if this Court grants Defendants' motions to dismiss. ECF 19 at 1. The only claim that Judge Sullivan recommended dismissing without leave to amend was Plaintiff's claim against the State of Oregon.[2] ECF 17 at 3–4. This Court agrees with Judge Sullivan's analysis and recommended disposition on each claim. Accordingly, the F&R is adopted in full.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Sullivan's F&R to which Plaintiff objected. The F&R, ECF 17, is adopted in full. Defendant Russell's Motion to Dismiss, ECF 9, is DENIED as to Plaintiff's constitutional claim (Count One) and GRANTED as to Plaintiff's

---

[1] Plaintiff requested oral argument in her responses to the motions to dismiss. ECF 10; ECF 12. She also requested oral argument in her objections to Judge Sullivan's F&R. ECF 19. This Court has determined that oral argument will not help in the resolution of the issues before the Court. *See* L.R. 7-1(d). Therefore, the request for oral argument is denied.

[2] This Court notes that Plaintiff never filed a response to Defendant State of Oregon's Motion to Dismiss.

PAGE 3 – ORDER

negligence claim (Count Two). Plaintiff's negligence claim against Defendant Russell (Count Two) is DISMISSED with leave to amend. Defendant Umatilla County's Motion to Dismiss, ECF 11, is construed as a motion for judgment on the pleadings and GRANTED. Plaintiff's negligence claim (Count Three) and respondeat superior claim (Count Six) against Umatilla County are DISMISSED with leave to amend. Plaintiff's claim for false arrest (Count Four) is DISMISSED with leave to amend. Defendant State of Oregon's Motion to Dismiss, ECF 8, is GRANTED. Plaintiff's respondeat superior claim (Count Six) against Defendant State of Oregon is DISMISSED WITH PREJUDICE. Plaintiff may file an amended complaint within fourteen days of the date of this Order.[3]

**IT IS SO ORDERED**.

DATED this 6th day of May, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] There is no claim for relief captioned as "Count V" (Count Five) in the Complaint. *See* ECF 1 at 6.